**BERRY, d. b. a. PEACOCK GARDENS, etc., Appellant, v. BOARD OF LIQUOR CONTROL, Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5680.   Decided November 21, 1957.

John D. Phillips, Columbus, for appellant.

William Saxbe, Atty. Genl., S. Noel Melvin, Chester Hummell, Asst. Attys. Genl., Columbus, for appellee.

(FESS. PJ, DEEDS, J, of the Sixth District; HORNBECK, J, of the Second District, sitting by assignment in the Tenth District.)

## OPINION

By THE COURT.

Appellant was charged with and found guilty by the Department of an illegal sale of whiskey on Sunday, April 3, 1955, in violation of §4301.22 R. C.   On an appeal to the Board of Liquor Control, the conviction was affirmed and on appeal to the Court of Common Pleas, the action of the Board was affirmed.   From the order of the Common Pleas Court this appeal is prosecuted.

Six errors are assigned: That the Board abused its discretion in arriving at its judgment; that the judgment was arbitrary and unrea-

sonable and not supported by reliable evidence; contrary to law; and, error in admitting evidence prejudicial to appellant and also in excluding evidence to the prejudice of appellant.

All of the assignments of error are directed to the action of the Board and not to the finding and judgment of the Common Pleas Court. However, all of the assigned errors may be considered on this appeal.

The Common Pleas Court found first that appellant had not observed Rule XXI-A of the Common Pleas Court and had filed no brief. However, the Court also found that "the order of the Board of Liquor Control is supported by reliable, probative and substantial evidence and is in accordance with the law."

No specific error was noted to the action of the trial judge under Rule XXI-A, nor does it appear that any specific objection was interposed upon application for rehearing. The appellant noted general exceptions.

We have carefully read the record which discloses that there was proof undenied of the Sunday sale of whiskey on the permit premises. The sale was made by a person whom it is admitted was left in charge by the permittee of the permit premises at the time when the sale was made.

Permittee insisted that she had left the premises for a short time only to go to church and while on the stand, before the Board, was asked this question, in chief:

"Q. Did you give any instructions to Stanley Koczwara before you left as to what he was to do?" (Koczwara was the man who made the sale.)

"A. I did."

The question was then put:

"What were they?"

Objection was interposed and sustained whereupon counsel for permittee said,

"That's all. Thank you, Mrs. Berry."

It would have been proper to have permitted the question to have been answered, not necessarily as a complete defense to the charge, but as it might have affected the penalty if the Board affirmed the conviction. However, it will be observed that no objection was noted to the ruling of the Board. This is essential to the assignment that the Board erred in refusing to admit the testimony.

We read the record, the order of the Board is supported by reliable, probative and substantial evidence and is therefore in accordance with law. No defense appears in the record which was made before the Board. No error assigned is well made.

The judgment of the Common Pleas Court will be affirmed.

FESS, PJ, DEEDS and HORNBECK, JJ, concur.